UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RITZ SAFETY, LLC,

    Plaintiff,

vs.

STRATEGYN MANAGEMENT
GROUP, LLC, *et al.*,

    Defendants.

Case No. 3:20-cv-413

District Judge Michael J. Newman

---

**ORDER: (1) DENYING PLAINTIFF RITZ SAFETY, LLC'S MOTION TO DISMISS THE COUNTERCLAIM OF DEFENDANT STRATEGYN MANAGEMENT GROUP (DOC. NO. 16); AND (2) DENYING DEFENDANT COMPREHENSIVE HEALTH & WELLNESS, LLC'S MOTION TO DISMISS THE CROSSCLAIM OF DEFENDANT STRATEGYN MANAGEMENT GROUP (DOC. NO. 17)**

---

This civil case is before the Court on two separate motions to dismiss and respective briefing: (1) Plaintiff Ritz Safety, LLC's ("Ritz") motion to dismiss the counterclaim of Defendant Strategyn Management Group, LLC ("Strategyn") (doc. nos. 16, 18, 21); and (2) Defendant Comprehensive Heath & Wellness, LLC's ("CHW") motion to dismiss Count I of the crossclaim of Strategyn (doc. nos. 17, 19). No party has sought leave to amend in response to the motions to dismiss. The Court has considered the foregoing, and the aforementioned motions are ripe for review.

I.

Ritz brings this breach of contract action to recover funds it paid out to CHW for medical-grade nitrile gloves that never arrived. Doc. No. 1 at PageID 2-3. The following facts are taken from Strategyn's pleadings and are presumed true for purposes of this motion. *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020).

In May 2020, Ritz contacted Strategyn -- who apparently served as its agent here -- to obtain help in finding sources of medical-grade goods during the COVID-19 pandemic. Doc. No. 12 at PageID 46. Strategyn informed Ritz that it "could neither guaranty, nor assure, delivery of goods" and that the risk of delivery would be with Ritz or the eventual supplier. *Id*. at PageID 47. Strategyn went over the terms of its standard-agency agreement with Ritz, which included a discussion of the fees involved for the proposed transaction and requirements for indemnity. *Id*. Ritz agreed to these terms. *Id*.

In June 2020, Ritz informed Strategyn that it needed medical-grade nitrile gloves, and Strategyn told Ritz that it believed it could source those gloves through CHW. Doc. No. 12 at PageID 47. This seemingly routine arrangement ran into trouble when Ritz submitted four purchase orders to Strategyn for the gloves. *Id*. at 47-48. Strategyn communicated to Ritz that the purchase orders should be directed to CHW, not Strategyn, as the proposed transaction would be directly between Ritz and CHW. *Id.* Ritz, however, did not re-direct the purchase orders to CHW. *Id*. Subsequently, CHW issued an invoice to Strategyn, requesting $862,400 in exchange for the gloves it would supply. *Id.*

Strategyn informed Ritz that the glove orders were approved and that CHW required payment to be held in escrow. Doc. No. 12-2. Ritz agreed that Strategyn's representative would receive a commission based on a small mark-up to the purchase price. Doc. No. 12 at PageID 48. Strategyn then communicated Ritz's acceptance and order to Nate Serino, an agent of CHW. *Id.* After Ritz paid the full amount of the invoice ($862,400) to CHW, Serino affirmed that he was "trying to get the entire [shipment of gloves] airborne" and provided an expected delivery date. *Id*. CHW ultimately failed to fulfill the order for any of the gloves, despite being paid. *Id*. at PageID 50.

Accordingly, Ritz filed this action on October 7, 2020 against both Strategyn and CHW to recover the funds paid out for the nitrile gloves that never arrived. Doc. No. 1. In its complaint, Ritz asserts that Strategyn and CHW both breached their obligations under the purchase orders by failing to provide Ritz with the nitrile gloves and by taking the $862,400 at issue without providing the gloves in return. *Id.* at PageID 4. Subsequently, Strategyn brought a counterclaim against Ritz and a crossclaim against CHW, asserting breach of contract against both and, in the alternative, promissory estoppel. Doc. No. 12.

**II.**

At the motion to dismiss stage, the Court must accept the non-moving party's factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). A motion to dismiss filed pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

### III.

**A. Strategyn's Counterclaims Against Ritz**

**1. Breach of Contract Counterclaim**

To survive a motion to dismiss, a party bringing a breach of contract claim under Ohio law must properly plead four elements: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff. *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006). Here, Strategyn, the non-movant, has sufficiently plead that Ritz violated the terms of their valid contract -- their agency agreement. Doc. No. 12 at PageID 52. Strategyn alleges that its representative "communicated the terms of his typical agency

4

agreement, including a range of fees per transaction consummated, requirements for indemnity, and other material terms" and subsequently that Ritz's agents "communicated their agreement, assent, and understanding to these terms." *Id.* at PageID 47.

Regarding performance under the contract, Strategyn states that their agent "indicated to [Ritz's representative] over the phone that he believed he could source these materials, as buyer's agent for Ritz, through CHW." *Id.* Strategyn asserts that Ritz's representatives sent one or more purchase orders to Strategyn for the gloves, Strategyn directed those purchase orders to CHW, and CHW issued an invoice for delivery of the gloves. Strategyn thus performed its duties as Ritz's agent under the agency agreement. *Id.* at PageID 47-48.

Finally, Strategyn alleges that Ritz breached the agency agreement by failing to pay Strategyn its commission and by failing to hold Strategyn harmless. *Id.* at PageID 52. Strategyn alleges that it incurred damages in the amount of $28,000. *Id*.

Ritz argues that the May 2020 discussion and oral agreement cannot serve as the basis for Strategyn's counterclaim because the discussion was no more than an agreement to principles that were subject to further negotiation and a more definite agreement. Doc. No 16 at PageID 102-03. Ritz argues that the May 2020 discussion merely provided a framework for the parties' future negotiation and did not include all of the essential terms. *Id*. However, as Strategyn has plead facts sufficient to show that the May 2020 conversation included the material terms of the parties' agreement (supported by consideration) it has adequately plead the existence of a valid contract and breach of that contract. *Cf. Shugart v. Ocwen Loan Servicing, LLC*, 747 F. Supp. 2d 938, 942 (S.D. Ohio 2010).

### 2. Promissory Estoppel Counterclaim

Ritz also moves to dismiss Strategyn's promissory estoppel counterclaim, plead in the alternative to the breach of contract claim. Ohio courts have routinely held that a promissory

5

estoppel claim may be plead in the alternative to a breach of contract claim; however, a party cannot recover under both theories. *See, e.g., Schaumleffel v. Muskingum Univ.*, No. 2:17-CV-463, 2018 WL 1173043, at *17 (S.D. Ohio Mar. 6, 2018); *Bonner Farms, Ltd. v. Power Gas Mktg. & Transmission, Inc.*, No. 5:04-CV-2188, 2007 WL 2463247, at *7 (N.D. Ohio Aug. 28, 2007); *Oro Cap. Advisors, LLC v. Borror Constr. Co., LLC*, No. 2:19-CV-05087, 2020 WL 4000974, at *2 (S.D. Ohio July 15, 2020). In order to bring a promissory estoppel claim, a party must satisfy four elements: (1) a clear and unambiguous promise; (2) reliance by the party to whom the promise is made; (3) reasonable and foreseeable reliance; and (4) injury by reliance. *Lopardo v. Lehman Bros., Inc.*, 548 F.Supp.2d 450, 468 (N.D. Ohio 2008).

In its counterclaim, Strategyn states that Ritz's representatives "communicated a clear and unambiguous promise to Strategyn that Strategyn would be a buyer's agent, was not responsible for the delivery of the goods, and would be indemnified and held harmless against any losses, in consideration for the minimal compensation it was receiving on large commercial grade, risky transactions." Doc. No. 12 at PageID 52-53. Strategyn asserts that it relied on these promises, and that this reliance was both reasonable and foreseeable. *Id.* at 53. Finally, Strategyn pleads that it suffered injury as a result of this reliance, in the amount of $28,000. *Id.* These allegations, accepted as true, raise a plausible promissory estoppel claim.

While Ritz raises a number of arguments regarding the sufficiency of these pleadings, these arguments fail to take into account that if Strategyn's factual allegations are taken as true, they make out a plausible claim for promissory estoppel. *Blue Shield of Mich.*, 409 F.3d at 716. Accordingly, dismissal of the counterclaim is not warranted at this time.

### B. Strategyn's Crossclaim against CHW

In its motion to dismiss, CHW seeks dismissal only of Strategyn's breach of contract crossclaim and does not challenge Strategyn's promissory estoppel crossclaim. Doc. No. 17. CHW

argues that the crossclaim is not plausible. *Id*. CHW reasons that Strategyn was merely an agent for Ritz, and CHW contracted directly with Ritz for the gloves. Doc. No. 17 at PageID 111.

Strategyn argues that it had a separate contract with CHW – as shown by the June 2, 2020 invoice it received from CHW -- and that CHW breached this contract with Strategyn by accepting payment for the goods and failing to deliver them. Doc. No. 12 at PageID 53. Strategyn states "in the event it is determined that Strategyn had a contract with Ritz and Strategyn had a separate contract with CHW, then CHW breached its June 2, 2020 invoice and contract with Strategyn by accepting payment for the goods and failing to deliver the same." Doc. No. 12 at PageID 53.

Strategyn's pleadings and factual allegations, when accepted as true, raise more than a possibility that CHW acted unlawfully; it plausibly asserts the existence of a valid contract between Strategyn and CHW and that CHW breached the contract. While "[a] mere conclusory claim that a defendant 'breached' some unspecified obligation will fall short of stating a facially plausible claim for relief," Strategyn has identified a specific obligation that CHW failed to fulfill: the delivery of goods in exchange for payment. *Shafron v. Aviva Life and Annuity Co.*, No. 1:11-CV-00732, 2014 WL 763238 at *5 (N.D.Ohio, Feb. 21, 2014) (quoting *Iqbal*, 556 U.S. at 678); Doc. No. 12 at PageID 53. Although CHW asserts that Strategyn was merely an agent, this contrary view may not be credited at this juncture. Strategyn's pleadings contain sufficient factual allegations to state a plausible claim for a breach of contract and, therefore, CHW's motion to dismiss the breach of contract claim merits dismissal.

## IV.

For the foregoing reasons, the Court **DENIES** both Ritz's motion to dismiss (doc. no. 16) and CHW's motion to dismiss (doc. no. 17).

**IT IS SO ORDERED.**

Date: April 29, 2021         s/Michael J. Newman
                             Hon. Michael J. Newman
                             United States District Judge